IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES MONROE CROSSON, JR. § | | |
| REG. ID. 26247-177 § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | C.A. NO. C-05-097 | |
| § | | |
| JOE D. DRIVER § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

In this § 2241 habeas corpus action, petitioner James Monroe Crosson, Jr. ("Crosson") challenges the application of good conduct time by the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3624(b). (D.E. 1, 2). Respondent moved to dismiss the petition for writ of habeas corpus. (D.E. 13). For the reasons stated herein, it is respectfully recommended that this action be summarily dismissed for failure to state a violation upon which habeas corpus relief can be granted.

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 2241.

## BACKGROUND FACTS AND PETITIONER'S ALLEGATION

On May 11, 2001, the United States District Court for the Northern District of Texas sentenced Crosson to 210 months in the BOP. (D.E. 2, at 2). The BOP has calculated Crosson's projected release date as being November 23, 2015, with a full term release date of February 23, 2018. (D.E. 2, at 2).

Crosson asserts that, under 18 U.S.C. § 3624(b), he is entitled to be awarded 54 days of credit for each year of his prison term, as *imposed* by the sentencing court, whereas the BOP,

pursuant to Program Statement 5880.28, is computing such credit based on each year *served*. (D.E. 2, at 6-7). Crosson argues that, because the BOP bases its calculations on actual time served rather than the sentence imposed, the maximum allowable good conduct time a prisoner can actually be awarded is 47 days a year. (D.E. 2, at 6). Under the BOP's interpretation of § 3624(b), Crosson has the potential to earn only 823 days good conduct time, resulting in a projected release date of November 13, 2015. (D.E. 2, at 2). Crosson argues that § 3624(b) authorizes a potential claim of 945 days earned good time credit, that is 146 days more days than calculated by the BOP, resulting in a projected discharge date in April 2015. (D.E. 2, at 2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A federal petitioner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust his administrative remedies through the Bureau of Prisons.[1] Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990); United States v. Smith, 869 F.2d 835, 837 n.1 (5th Cir. 1989). Crosson has exhausted his claim through the BOP administrative process. (D.E. 13, at 3).

## STANDARD OF REVIEW

### A.  Federal habeas corpus review.

To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims challenge the constitutionality of that custody.[2] 28 U.S.C. § 2241(c)(3), § 2254(a); see also Gray v. Lynn, 6 F.3d 265 (5th Cir. 1993) (state prisoner seeking federal court review of his conviction pursuant to 28 U.S.C. § 2254

---

[1] The BOP provides a three-tiered administrative process by which inmates can present a complaint. See 28 C.F.R. § 542.10 et. seq.

[2] See 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (1998) (identifying the two jurisdictional prerequisites as "custody" and "substance, or federal question").

must assert a violation of a federal constitutional right); Boyd v. Scott, 45 F.3d 876 (5th Cir. 1994) (federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States).  Appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release.  See Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827 (1973); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).

Crosson's claim challenging the BOP's calculation of good time credits affects the length/duration of his sentence, and therefore, is properly brought in this § 2241 action.

### B.   Dismissal For Failure To State A Claim.

A claim may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The Supreme Court has long established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Lovick v. Ritemoney, Ltd., 378 F.3d 433, 437 (5th Cir. 2004).  The complaint subject to such a motion must be "construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor."  Lovick, 378 F.3d at 437 (citation omitted).

A habeas petitioner, however, must plead specific facts and cannot simply rely on conclusory allegations.  Id.; Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). Moreover, dismissal may be appropriate where "a successful affirmative defense appears on the face of the pleadings."  Kansa Reinsurance Co. v. Congressional Mortgage Corp., 20 F.3d 1362, 1366 (5th Cir. 1994).

## DISCUSSION

A.  **Section 3624(b).**

Crosson complains that the BOP has inaccurately calculated his statutory release date because it incorrectly applied the provisions of 18 U.S.C. § 3624(b). Section 3624(b) provides in relevant part:

> [a] prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, <u>may receive credit</u> toward the service of the prisoner's sentence, beyond the time served, <u>*of up to* 54 days *at the end of each year* of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner had displayed exemplary compliance with institutional disciplinary regulations....</u>

18 U.S.C. § 3624(b)(1) (emphases added).

The BOP has promulgated a rule implementing its interpretation of § 3624(b): "Pursuant to 18 U.S.C. § 3624(b) ... an inmate earns 54 days credit toward service of sentence (good conduct time credit <u>for each year served</u>)." 28 C.F.R. § 523.20 (2004) (emphasis added). In addition, the BOP has issued a program statement, Program Statement 5880.28, setting forth its interpretation of § 3624(b) as calculating the credit based on time served.

The Fifth Circuit recently addressed this issue in <u>Sample v. Morrison</u>, 405 F.3d 310, 2005 WL 775816 (5th Cir. Mar. 22, 2005) (per curiam). In <u>Sample</u>, the petitioner argued that the BOP's construction of § 3624(b) was erroneous and would result in his receiving 98 fewer days of good time credit over the course of his prison term. <u>Sample</u>, 2005 WL 775816 at *1. Noting that Sample's projected release date was not until 2012, the Court found his claim was not ripe because the good time credits at issue could not be awarded in advance, but only earned via service of sentence. <u>Id.</u> Because his claim was not ripe, the Court dismissed Sample's appeal for lack of subject-matter jurisdiction. <u>Id.</u>

However, after assuming for the sake of argument that it had jurisdiction, the Fifth Circuit disagreed with Sample's contention that the plain language of § 3624(b) required calculation of good conduct time based on the sentence imposed. It found that the purpose of the annual award of good conduct time credit in § 3624(b) was to "*reduce an inmate's prison term incrementally while he is serving it.*" Sample, 2005 WL 775816 at *2 (emphasis in original). It further noted that the statute contained no language that would permit a prisoner to receive *additional* good time credit based on the original prison term "as imposed" by the district court, and that it did not provide any method for computing such credit. Id.

Finally, the Fifth Circuit found that, even if it were to find that § 3624(b) was ambiguous, deference to the BOP's interpretation would be mandated under Chevron U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1994). Sample, 2005 WL 775816 at *2. At least three other circuit courts also have applied Chevron and determined that the agency's interpretation was permissible. See O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (per curiam); Perez-Olivo v. Chavez, 394 F.3d 45, 51-53 (1st Cir. 2005); White v. Scibana, 390 F.3d 997, 1002-03 (7th Cir. 2004), petition for cert. filed, _ U.S. _ (May 6, 2005) (No. 04-1494);[3] Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270-71 (9th Cir. 2003).

**B.     Analysis of Crosson's claim.**

In this case, Crosson's projected release date is November 23, 2015. If he were to prevail on his claim, he would be entitled to release 146 days earlier in April 2015. Like the petitioner in Sample, Crosson's claim is distant and speculative, and is not ripe for consideration. Sample, 2005 WL 775816 at *1. Accordingly, it is respectfully recommended that it be dismissed for lack of subject-matter jurisdiction.

---

[3] In White, the Seventh Circuit reversed White v. Scibana, 314 F. Supp.2d 834 (W.D. Wis. 2004), which is the principal case that petitioner relies upon in his claim. (D.E. 2, at 4).

Furthermore, Crosson's challenge to the BOP's interpretation of § 3624(b) is identical to Sample's and has been squarely rejected, albeit in dictum, by the Fifth Circuit. Given the reasoning of the Fifth Circuit in Sample and the authorities cited therein, the Court holds that the BOP's interpretation of § 3624(b) as embodied in 28 C.F.R. § 523.20 is reasonable and entitled to deference under Chevron. See Sample, 2005 WL 775816 at *2; see also O'Donald, 402 F.3d at 174; Perez-Olivo, 394 F.3d at 51-53; White, 390 F.3d at 1002-03 (7th Cir. 2004); Pacheco-Camacho, 272 F.3d at 1270-71. Therefore, pursuant to this alternative basis, it is recommended that Crosson's claim should be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Crosson has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that the district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Crosson's § 2241 petition on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Crosson is not entitled to a certificate of appealability as to his claim.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Crosson's action be dismissed as not ripe and for failure to state a constitutional violation.  In the alternative, it is respectfully recommended that Crosson's claim be denied because the agency's interpretation is reasonable and entitled to deference under Chevron.

Moreover, the petitioner is not entitled to a certificate of appealability as to his claim, and it is respectfully recommended that the Court not grant a certificate of appealability.

Respectfully submitted this 25th day of May 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (1996) (en banc).